# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:13-cv-273-FDW

| | |
|---|---|
| BOBBY HINSON, | ) |
| Plaintiff, | ) |
| v. | ) |
| JOHN DOE, Utilization Board Member, sued in both individually and official capacity; FNU LEE, Optometrist, sued both in individual and official capacity; ROBERT J. UHREN, General Practitioner, sued both in individual and official capacity, | ) ) ) ) ) ) ) ) ) ) ) **ORDER** |
| Defendants. | ) |

**THIS MATTER** is before the Court on an initial review of Plaintiff's complaint filed pursuant to 42 U.S.C. § 1983, and his motion to appoint counsel. For the reasons that follow, Plaintiff's complaint will be dismissed.

## I. BACKGROUND

According to the website of the North Carolina Department of Public Safety ("NC DPS"), Plaintiff is a North Carolina inmate confined to the Mountain View Correctional Institution following his conviction for first-degree sexual offense (principal) on May 30, 1996. Plaintiff's projected release date in April 3, 2016. In his pro se Complaint, Plaintiff alleges two claims that he contends represent deliberate indifference to his serious medical needs, in violation of his right to be free from cruel and unusual punishment under the Eighth Amendment.

Through the first claim, in May 2011, Plaintiff contends that he made a request for a

1

medical examination of his eyes while incarcerated at the Albemarle Correctional Institution. Plaintiff asserts that he has cataracts which have reduced his eyesight such that he was nearly blind when he sought treatment. Prison officials transported Plaintiff to Central Prison in Raleigh and he was evaluated by Dr. Lee who recommended a surgical consultation. The Utilization Review Board (URB) denied the request for a surgical consultation and Plaintiff followed up with a grievance to prison officials. In the response, the grievance examiner acknowledged Plaintiff had been recommended for the surgical consultation on his eyes but explained that the request was denied because Plaintiff did not presently meet the necessary requirements for cataract surgery. Plaintiff's grievance was denied through the Third Step of the Administrative Remedy Procedure (ARP). See generally N.C. Gen. Stat. §§ 148-118.1 – 148-118.9 (Article 11A) (detailing mandatory grievance procedure within the DPS). In the Third Step response, dated June 14, 2011, the grievance examiner recommended that Plaintiff place a sick call request if he had any further concerns with his medical needs. (Doc. No. 1 at 13).

Through his second claim, on May 22, 2013, Plaintiff contends that he submitted a grievance regarding the refusal of the URB to authorize him for magnetic resonance imagery (MRI) to examine what Plaintiff asserts is a bulging disc in his back. In denying Plaintiff's grievance at the First Step of the ARP, the examiner found that as the URB had denied Plaintiff's request for an MRI, Plaintiff was precluded from relief because Plaintiff had no right to dictate to the URB what medical care he should receive. (Doc. No. 1 at 15). In the Step Two response, the examiner explained that although the request for an MRI had been denied, the URB had recommended a course of physical therapy before proceeding with an MRI. The Step Two response further noted that after Plaintiff was informed of the recommended physical therapy, he

refused to participate in the therapy on May 26, 2013. In the Step Three response, Plaintiff was encouraged to sign up for sick call and to inform the staff of any ongoing concerns. (Doc. No. 1 at 16).

Plaintiff states that he contacted North Carolina Prisoner Legal Services who opened an investigation into his complaints regarding the May 2011 and May 2013 requests for treatment. However, Plaintiff maintains that the case was closed out after the legal service ran out of funding. (Doc. No. 1 at 5-6). Among other relief, Plaintiff moves for a declaration that the acts of the defendants violated his rights under the Constitution and other laws of the United States, injunctive relief to order his desired treatment, and compensatory and punitive damages. (Doc. No. 1 at 9).

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915(A)(a), "the court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this review, the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary damages from a defendant who is immune from such relief." Id. § 1915A(b)(1) and (b)(2). Upon review, this Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327–28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a

3

clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990). Further, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

### III. DISCUSSION

A claim alleged under § 1983 based on a deliberate indifference to serious medical needs falls within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575–76 (4th Cir. 2001) (citations omitted). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990) (citing Carswell v. Bay County, 854 F.2d 454, 456 (11th Cir. 1988)).

Allegations that might be sufficient to support negligence or medical malpractice claims do not, without more, rise to the level of a cognizable § 1983 claim. Estelle, 429 U.S. at 106; Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it."). To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). "[E]ven if a prison doctor is mistaken or

4

negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention." Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md. 1975), aff'd in unpublished table decision by Stokes v. Brown, 535 F.2d 1250 (4th Cir. 1976) (internal citation omitted).

The Court notes at the outset that Plaintiff has failed to state a claim for relief against Defendant Lee. In his complaint, Plaintiff acknowledges that he was examined by Dr. Lee at Central Prison and that Dr. Lee recommended that Plaintiff receive a surgical consultation for his eye condition. Dr. Lee cannot be said to have denied Plaintiff's Eighth Amendment rights by making a recommendation to prison officials that was later refused. For the foregoing reasons, the Court finds that Plaintiff's complaint against Dr. Lee must be dismissed.

For the same reasons, the Court finds that Plaintiff has failed to state a claim for relief against Defendant Uhren. In his complaint, Plaintiff alleges that Dr. Uhren examined him while at Mountain View Correctional and recommended that Plaintiff receive an MRI to examine his back. The URB denied Dr. Uhren's request for an MRI. Plaintiff has failed to present any allegations as to how Dr. Uhren's unsuccessful attempt to arrange for an MRI represents deliberate indifference to his serious medical needs. The claim against Dr. Uhren will be dismissed.

Finally, Plaintiff's complaint and the documents attached thereto, demonstrate that Plaintiff was examined for his eye condition and his back condition and that he disagrees with the diagnosis following each examination.[1] As to the request for cataract surgery, the

---

[1] The Court has considered the grievances and responses from Plaintiff's participation in the mandatory ARP. The Court finds that this information, in as much as Plaintiff clearly relied upon it in drafting his complaint, is integral to the allegations in the complaint and is properly considered in conducting this initial review. See Philips v. Pitt Cnty. Mem. Hosp, 572 F.3d 176, 180 (4th Cir. 2009) (Courts "may properly take judicial notice of matters of public

5

examination concluded that Plaintiff was not presently a proper candidate for the surgery. Plaintiff was encouraged to utilize sick call if he had further issues. This recommendation was made in May 2011 and there is no indication from his complaint that Plaintiff made any further formal requests or that he submitted any further written grievances in an effort to continue to pursue surgical treatment for his eyes. As for his back condition, the record shows that Plaintiff was examined for this complaint, and although his request for an MRI was denied, it appears this denial was conditional and without prejudice. The record makes plain that the MRI would be denied pending his treatment in physical therapy, a recommendation that Plaintiff chose to ignore. And again, the grievance examiner recommended that Plaintiff utilize sick call if he had further issues and there is no evidence that he pursued further written grievances following his refusal to participate in the recommended course of treatment.

In sum, it is clear that the present complaint cannot support claims of deliberate indifference to his medical needs. In fact, the allegations tend to show that he received treatment for both his eyes and his back and he simply disagrees with the diagnosis and recommended course of treatment. The constitutional right is to medical care. No right exists to the type or scope of care desired by the individual prisoner, and mere disagreement "between an inmate and a physician over the inmate's proper medical care [does] not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (dismissing a plaintiff's Section 1983 claim against a defendant physician for allegedly discharging the plaintiff too early from a medical clinic, as such claim did not rise to the level of deliberate indifference but would, "at most, constitute a claim of medical malpractice.").

---

record," and "may also consider documents attached to the complaint . . . so long as they are integral to the complaint and authentic.") (internal citations omitted).

## IV. CONCLUSION

For the reasons set forth herein, the Court finds that Plaintiff has failed to state a cognizable claim for deliberate indifference under the Eighth Amendment and his Section 1983 complaint will be dismissed without prejudice for failure to state a claim.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's complaint against all defendants is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. (Doc. No. 1). 28 U.S.C. § 1915A(b)(1).

2. Plaintiff's motion to appoint is counsel is **DENIED** in the Court's discretion. (Doc. No. 3).

The Clerk of Court is directed to close this civil case.

Signed: November 6, 2013

Frank D. Whitney
Chief United States District Judge